IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CHASE MANHATTAN BANK, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. 2001-210 |
| | : | |
| v. | : | No. 1993-93 |
| | : | |
| WILLIAM LANSDALE, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                           November 12, 2008

      Presently before this Court are Plaintiff, Chase Manhattan Bank's, Corrected Motion to Compel Deposition and for Continuance of Defendant's Motion for Summary Judgment, and Defendant, William Lansdale's, Memorandum in Opposition to Corrected Chase Motion to Compel Deposition. For the reasons discussed below, Plaintiff's Motion is Granted with the conditions discussed below.

**I.   BACKGROUND**

      On May 21, 2008, this Court denied Plaintiff's Motion for Summary Judgment. On July 16, 2008, this Court issued an Stipulated Scheduling Order providing:

> 1) July 15, 2008: Deadline for discovery requests.
> 2) September 30, 2008: Discovery to be completed.
> 3) October 15, 2008:  Expert records due; parties shall meet and confer regarding settlement.
> 4) October 31, 2008:  Expert discovery to be concluded.
> 5) November 26, 2008: All dispositive motions served.

(Doc. No. 30.)

A deposition of Defendant was noticed for August 22, 2008, but was withdrawn and not renoticed due to Defendant's poor health. (Pl.'s Mot. Comp. 4.) Defendant, who is 88 years old, underwent invasive treatment for cardiovascular disease on July 16, 2008, as well as a subsequent "serious open-heart operation." (Def.'s Mot. Sum. J., Ex. A, ¶¶ 1 & 2.)

Given Defendant's health, Plaintiff agreed to depose him for only three hours, and postpone the deposition until after Mr. Rhoades was deposed. (Pl.'s Mot. Comp. 5.) Mr. Rhoades was deposed on September 10, 2008, and Plaintiff's counsel sought to reschedule its deposition of Defendant. (Id.) Defendant's counsel stated that Defendant could not attend the deposition due to his age and health. (Id.; Def.'s Mot. Sum. J., Ex. A, ¶ 4.)

## II. MOTION TO COMPEL AND FOR CONTINUANCE.

### A. Motion to Compel

Plaintiff argues that deposing Defendant "is paramount to obtain information regarding numerous factual issues identified by the Court" including whether the corporate veil, of three companies owned by Defendant, may be pierced to determine: whether corporate formalities were followed, funds were siphoned off, the existence of business records, the role of officers and directors, and whether the company was in effect a shell for the dominant shareholder. Examination of other factual issues, essential to this case, will also be addressed by this deposition.

Federal Rule of Civil Procedure 37 provides that discovery may be compelled should a party fail to appear for a Rule 30 deposition. Rule 37, "establishes the mechanisms" by which discovery can be made effective for without "adequate sanctions the procedure for

discovery would often be ineffectual." Wright, Miller and Marcus, 8A FED. PRAC. & PROC. CIV. 2d § 2283 (2d Ed. 2000.).

Deposing Defendant is likely the only way that Plaintiff will be able to obtain information necessary to prosecute its case or respond to Defendant's Motion for Summary Judgment. Plaintiff's need to depose Defendant must be balanced with the reality of Defendant's fragile health condition. Accordingly:

> (1) Defendant shall submit to a deposition within 90 days of the issuance of this Memorandum and Order. If Defendant is physically unable to undergo a deposition during this period, a thorough, medical examination certifying his condition shall be provided to both Plaintiff and this Court;
>
> (2) Thereafter, if Defendant is unable to submit to a deposition, a thorough, medical examination certifying that his condition remains unchanged shall be provided to both Plaintiff and this Court every 30 days; and
>
> (3) Plaintiff, per Rule 37, may petition for further relief.

### B.    Motion for Continuance

Plaintiff seeks a continuance regarding Defendant's Motion for Summary Judgment. (Pl.'s Mot. Comp. 10.) Given its inability to depose Defendant, Plaintiff is unable to respond to Plaintiff's motion. Defendant does not oppose Plaintiff Motion for Continuance. (Def.'s Mem. in Opp. 2.) Plaintiff also notes that it is awaiting responses to discovery requests from the Virgin Islands Bureau of Internal Revenue ("VIBIR").

Federal Rule of Civil Procedure 56(f) provides for continuances if a party opposing a motion shows by "affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(f)(2). Plaintiff has provided an affidavit from Andrew

Kosloff, Senior Vice President and Associate General Counsel at JP Morgan Chase Bank, declaring that without deposing Defendant, Plaintiff "cannot present facts to properly oppose the motion for summary judgment or cross move for summary judgment." (Pl.'s Mot. Comp., Ex. 2, Part 1, Decl. of Andrew Kosloff, ¶¶ 6- 8.)

Given Plaintiff's compliance with Rule 56(f) and the fact that Defendant does not oppose this motion, Plaintiff's Motion for Continuance is granted. Plaintiff's response to Defendant's Motion for Summary Judgment is due 30 days after Defendant's deposition.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Compel is granted:

(1) Defendant shall submit to a deposition within 90 days of the issuance of this Memorandum and Order. If Defendant is physically unable to undergo a deposition during this period, a thorough, medical examination certifying his condition shall be provided to both Plaintiff and this Court;

(2) Thereafter, if Defendant is unable to submit to a deposition, a thorough, medical examination certifying that his condition remains unchanged shall be provided to both Plaintiff and this Court every 30 days; and

(3) Plaintiff, per Rule 37, may petition for further relief.

Plaintiff's Motion for Continuance is granted. Plaintiff's response to Defendant's Motion for Summary Judgment is due 30 days after Defendant is deposed.

An order follows.

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CHASE MANHATTAN BANK, | : | CIVIL ACTION |
| Plaintiff, | : | No. 2001-210 |
| v. | : | No. 1993-93 |
| WILLIAM LANSDALE, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 12th day of November, 2008, upon consideration of Chase Manhattan Bank's, Corrected Motion to Compel Deposition and for Continuance of Defendant's Motion for Summary Judgment (Doc. No. 39), and Defendant, William Lansdale's, Memorandum in Opposition to Corrected Chase Motion to Compel Deposition (Doc. No. 41), it is hereby **ORDERED** that Chase Manhattan's Motion to Compel and for Continuance is **GRANTED** as set forth in the accompanying memorandum.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S. J.